UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE BACON, JR.,

       Plaintiff,

v.                                            Case No. 8:19-cv-1186-T-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.

## OPINION AND ORDER[1]

### I. Status

Ronnie Bacon, Jr. ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of problems with his "[l]eft arm, leg and lower back." Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed September 9, 2019, at 126, 138, 152, 166, 308. Plaintiff filed applications for DIB and SSI on September 14, 2015, alleging a disability onset date of February 1, 2013. Tr. at 272-76 (DIB), 277-82 (SSI); see also Tr. at 126, 138, 152, 166 (listing protective filing date of September 14, 2015). The applications were denied initially, Tr. at 126-37, 150, 184-86, 187 (DIB), 138-49, 151, 188-90, 191 (SSI), and upon reconsideration, Tr. at 152-65, 180, 182, 199-203, 204 (DIB), 166-79, 181, 183, 193-97, 198 (SSI).

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed September 9, 2019; Reference Order (Doc. No. 19), entered October 3, 2019.

On January 4, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from: 1) Plaintiff, who was represented by counsel; 2) a vocational expert ("VE"); and 3) Plaintiff's mother.  Tr. at 70-118.  The ALJ issued a Decision on August 22, 2018, finding Plaintiff not disabled through the date of the Decision. Tr. at 28-42.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 267-71 (cover letter, request, and brief); see Tr. at 5-6 (appeals council exhibit list and order).  Together with the request for review, Plaintiff indicated his condition had worsened since the ALJ's Decision and indicated he wanted to make a new application for benefits.  Tr. at 267.  On March 28, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.  In denying review, the Appeals Council noted that Plaintiff had submitted some additional medical evidence.  Tr. at 2.  The Appeals Council stated that if Plaintiff wanted "consider[ation of] whether [he] was disabled after August 22, 2018, [he would] need to apply again."  Tr. at 2.  On May 16, 2019, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises two issues:  1) whether the ALJ erred "in failing to comply with Social Security Ruling 00-4P with respect to the jobs" the ALJ found Plaintiff can perform; and 2) whether the ALJ erred "in accepting testimony of a [VE] which was clearly and unmistakably in error."  Memorandum in Opposition to the Commissioner's Decision (Doc. No. 28; "Pl.'s Mem."), filed February 21, 2020, at 2-3; see Pl.'s Mem. at 6-9 (argument as to issue one), 9-11 (argument as to issue two).  On April 15, 2020,

Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 30; "Def.'s Mem.") addressing the issues. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 31-42. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 1, 2013, the alleged onset date." Tr. at 31 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: a history of renal failure; status post renal stroke; arthritis of the knees; [] carpal tunnel syndrome; a

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

mood disorder; [and] a history of alcohol abuse, in remission." Tr. at 31 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 32 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except that he has the following additional limitations: he can lift 20 pounds occasionally and lift and carry 10 pounds frequently; he can stand, walk, and sit about 6 hours each, with normal breaks during an 8-hour work period; he should avoid climbing ropes, scaffolds, or more than 5 steps on a ladder; he should avoid more than occasional use of hazardous industrial machinery and exposure to unprotected heights; he can understand, remember, carry out, apply, and perform simple, repetitive and routine tasks and instructions, with no more than occasional and brief interaction with the public, and no more than occasional[] interaction with coworkers and supervisors, in a lower-stress work environment, without fast pa[ced] production quotas.

Tr. at 33 (emphasis omitted). At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "telephone installer." Tr. at 40 (some emphasis and citation omitted). At step five, after considering Plaintiff's age ("34 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the testimony of the VE and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 41 (emphasis and citation omitted), such as "a mail clerk (clerical)" and "a cleaner polisher (any industry)," Tr. at 42. The ALJ concluded that Plaintiff was not "under a

disability . . . from May 1, 2015, through the date of th[e D]ecision." Tr. at 42 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Both issues raised by Plaintiff relate to the ALJ's step five findings. The applicable law is set out, followed by a discussion of each issue.

### A. Applicable Law

At step five in the sequential inquiry, "the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform." Phillips, 357 F.3d at 1239. To make this determination, the ALJ may pose a hypothetical question to a VE. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)); see also Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999) ("An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs.")). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones, 190 F.3d at 1229). If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018); see also SSR 00-4P, 2000 WL 1898704, at *2.

The ALJ is required to "articulate specific jobs" that exist in the national economy "that the claimant can perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989)

(citation omitted).   In this determination, "the 'appropriate focus under the regulation is the national economy,' not the local economy in which the claimant lives." Atha v. Comm'r, Soc. Sec. Admin., 616 F. App'x 931, 934 (11th Cir. 2015) (quoting Allen v. Bowen, 816 F.2d 600, 603 (11th Cir. 1987)). Indeed, it does not matter "whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

"[W]ork exists in the national economy when it exists either in significant numbers in the region where [the claimant] work[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a); see also 42 U.S.C. § 1382c(a)(3)(B).   There is, moreover, no bright line rule as to what constitutes a "significant number" of positions in this context, and the United States Court of Appeals for the Eleventh Circuit recently acknowledged that it "has never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant numbers' under the statute and regulations." Atha, 616 F. App'x at 934.

**B.  Issue One: Apparent Conflicts Between Jobs and DOT**

As stated previously, the ALJ found at step five that Plaintiff is capable of performing two different jobs that exist in significant numbers in the national economy.   See Tr. at 42. Plaintiff contends the ALJ erred in failing to identify and resolve an apparent conflict between the VE's testimony and the DOT.   Pl.'s Mem. at 6-9.   According to Plaintiff, the limitation to "simple, repetitive and routine tasks and instructions" in the RFC and hypothetical to the VE, Tr. at 33, 113, is apparently in conflict with the two jobs identified by the VE, see Pl.'s Mem. at 8.   The first apparent conflict, argues Plaintiff, is with the mail clerk job that requires a reasoning level of 3 according to the DOT.   See id.; Mail Clerk,

DOT § 209.687-026, 1991 WL 671813 (reasoning level 3 requires someone to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations"). The second apparent conflict, Plaintiff asserts, is with the cleaner polisher job, because it "requires constant reaching and handling and constant near acuity," Pl.'s Mem. at 8, but the RFC limited Plaintiff to a "lower-stress work environment without fast pa[ced] production quotas," Tr. at 33.

Defendant responds that the Court need not address Plaintiff's first contention—about the reasoning level of 3 for the mail clerk job—because the other job identified by the VE contains a reasoning level of 1 and alone is substantial evidence upon which the ALJ's step five findings could be based. Def.'s Mem. at 6-8. As to Plaintiff's second contention, Defendant argues that there is no apparent inconsistency between the requirements of the cleaner polisher job and the RFC. Id. at 8-10.

The undersigned agrees with Defendant that Plaintiff's first contention—about reasoning level 3 assigned by the DOT for the mail clerk job being inconsistent with the ALJ's finding of "simple, repetitive and routine tasks and instructions"—need not be decided. Plaintiff does not challenge the cleaner polisher job in this regard, and that job carries a reasoning level of 1. See Cleaner and Polisher, DOT § 709.687-010, 1991 WL 679134 (reasoning level 1 requires someone to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job"). Accordingly, it alone is substantial evidence to uphold the ALJ's step five findings.

Plaintiff contends there is an apparent conflict between the cleaner and polisher job that "requires constant reaching and handling and constant near acuity," Pl.'s Mem. at 8; see 1991 WL 679134, and the RFC that limited Plaintiff to a "lower-stress work environment without fast pa[ced] production quotas," Tr. at 33. But it is not "reasonably ascertainable" or "evident" from a review of the DOT description for the cleaner polisher job that a person needing a lower stress work environment without fast-paced production quotas could not perform the requirements of the job. See Washington, 906 F.3d at 1366. Consequently, there was no apparent conflict that the ALJ failed to identify and inquire about. See id.[3]

## C. Issue Two: VE Testimony Regarding Number of Jobs

Plaintiff argues the ALJ erred in accepting the VE's testimony about the number of jobs available in the national economy for the cleaner and polisher job. Pl.'s Mem. at 9. The VE testified, and the ALJ memorialized in the Decision, that there are 325,000 jobs available nationally. Tr. at 113, 42. Plaintiff contends this number is "inconceivable"; in support, Plaintiff points to data from the Bureau of Labor Statistics that shows a cleaner and polisher job is just one of multiple jobs within a specific occupational classification group ("SOC") for helpers-production workers (group 51-9198). See id. at 10, Ex. A

---

[3] The only case Plaintiff cites in support of his position is O'Connor-Spinner v. Colvin, 832 F.3d 690, 695 (7th Cir. 2016). In that non-binding case, a VE was asked whether his opinion would change if the hypothetical person "cannot do any work involving strict production quotas or fast paced," and the VE responded it would not, because "he had already excluded jobs which require constant handling and fingering." Id. (internal quotations omitted). The relevant issue before the Seventh Circuit was not about the VE's testimony in this regard; rather, it was about limitations in concentration, persistence, or pace. Id. at 691. The undersigned declines to find an apparent conflict here based on the VE's testimony in O'Connor-Spinner.

(data). That whole SOC, according to Plaintiff, only has 350,000 jobs available nationally. Id. at 10.

Responding, Defendant contends Plaintiff's argument is speculative and impermissibly relies upon evidence outside of the administrative transcript (the Bureau of Labor Statistics data and VE testimony in other cases). Def.'s Mem. at 11-12. Defendant also argues the VE is the expert on the number of jobs and is well qualified to testify in this regard. Id. at 13. Accordingly, Defendant contends the VE's testimony is substantial evidence upon which to base the ALJ's findings. Id.

The undersigned agrees that Plaintiff's argument is somewhat speculative. The relevant statistics do not precisely match the number of jobs that the VE testified about (350,000 vs. 325,000). It is not clear the ALJ relied on Bureau of Labor statistics in determining the number. In any event, the reliance on this data now does not carry the day because the Court cannot consider evidence outside the administrative transcript. See Wooten v. Comm'r of Soc. Sec., 787 F. App'x 671, 674-75 (11th Cir. 2019) (declining to consider U.S. Census Bureau County Business Patterns statistics presented for the first time to the district court because the court's review of the SSA's decision is limited to evidence in the administrative transcript). The VE's testimony is the evidence the Court can consider, and that testimony provides substantial evidence to support the ALJ's Decision. See, e.g., id.; Atha, 616 F. App'x at 935 (upholding the ALJ's determination that 440 jobs in Alabama and 23,800 jobs nationally constituted a significant number).

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. Accordingly, it is
**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 25, 2020.

                                                */s/ James R. Klindt*
                                                JAMES R. KLINDT
                                                United States Magistrate Judge

kaw
Copies to:
Counsel of Record